UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LORAN G. NORTHROP,

          Plaintiff,

   v.

SAFEWAY INC,

          Defendant.

C16-350 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1)    Plaintiff's motion to compel discovery, docket no. 46, is DENIED. The Settlement Investigation and creation of the "Chronology of Events" documents were undertaken at the express direction of Safeway's in-house counsel, William Harris, in direct response to a demand letter from Mr. Northrop's former attorney that explicitly threatened litigation. As such, documents connected to the Settlement Investigation, such as the Chronology of Events and investigation notes sought here, as well as Ms. Roldan's oral testimony concerning the details of that investigation are protected by the work-product doctrine. *See O'Conner v. Boeing North American, Inc.*, 216 F.R.D. 640, 644 (C.D. Cal. 2003) (holding that notes and oral testimony concerning witness interviews conducted by a private investigator on behalf of plaintiffs' counsel were protected by the work-product doctrine and granting a protective order precluding the deposition of the investigator); *see also United States v. Nobles*, 422 U.S. 225, 238-39 (1975) ("It is therefore necessary that the [work-product] doctrine protect material prepared by agents for the attorney as well as those prepared by the attorney himself."); *Appeal of Hughes*, 633 F.2d 282, 290 (3d Cir. 1980) (holding that a request for a private investigator's oral

MINUTE ORDER - 1

testimony regarding witness interviews goes to "the core of the work product of an agent of the attorney.").[1]

Moreover, contrary to plaintiff's arguments, Safeway has not waived work-product protection of the Settlement Investigation by virtue of its assertion of a *Faragher-Ellerth* defense because Safeway does not rely upon the Settlement Investigation in support of that defense. *See Mendez v. Saint Alphonsus Regional Medical Center, Inc.*, 2014 WL 3406015, at *4 (D. Idaho 2014) ("[T]he attorney-client privilege and work product protection are not waived if the defendant does not rely on an investigation in support of either its *Ellerth-Faragher* defense or any other defense in the case."). None of Safeway's defenses are premised on the Settlement Investigation and plaintiff has failed to articulate any other "substantial need for the materials" sufficient to overcome work-product protection. *See* Fed. R. Civ. P. 26(b)(3). There is simply no evidence in the record to support a conclusion that plaintiff was unable to procure the facts underlying the Settlement Investigation by resort to alternative sources or that resort to such alternative sources would be unduly burdensome. Accordingly, the "Chronology of Events," any investigation notes, and Ms. Roldan's oral testimony concerning the details of the investigation are subject to work-product protection that has not been waived and are therefore not discoverable. *See Hughes*, 633 F.2d at 290 (granting motion to quash the government's subpoena of an attorney's private investigator where the government "made no showing that the same information could not be obtained easily by resort to alternative sources"); *see also Baker v. General Motors Corp.*, 209 F.3d 1051, 1054 (8th Cir. 2000) ("Discovery of a witness statement to an attorney is generally not allowed if that witness is available to the other party.").

---

[1] Plaintiff contends that Safeway's harassment and discrimination policy demonstrates that Safeway would have conducted an investigation and created the "Chronology of Events" (or a similar document) in the ordinary course of business irrespective of whether litigation was anticipated. *See U.S. v. Fidelity & Guaranty Co. v. Braspetro Oil Services, Co.*, 2000 WL 744369, at *8 (S.D.N.Y. June 8, 2000) ("[D]ocuments that are prepared in the ordinary course of business or that would have been created in essentially similar form irrespective of the litigation are not protected [by the work-product doctrine]."). But the fact that Safeway's general policy requires prompt investigation of reports of discrimination, Second Dec. of Susan Mindenbergs, docket no. 53, Ex. 7 at 5, provides little, if any, support for plaintiff's contention that Safeway would have undertaken the Settlement Investigation, and created the "Chronology of Events" or any investigation notes, absent an explicit threat of litigation by plaintiff's former representative. When Safeway received the demand letter from plaintiff's former attorney, it had already conducted an investigation of the events surrounding plaintiff's termination in response to a union grievance filed by Mr. Northrop. *See* Decl. of Sue Bonnet, docket no. 41, ¶¶ 8-11 (investigation conducted in May 2014); Decl. of Jennifer Sheffield, docket no. 34, Ex. 2 (Harris Decl. at ¶ 2 & Ex. A) (Demand letter dated September 3, 2014). Based on the results of that investigation, Safeway filed a grievance response denying Mr. Northrop's allegations and the Union ultimately withdrew the grievance. Bonnet Decl., ¶ 15 and Ex. D.

MINUTE ORDER - 2

(2) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 4th day of April, 2017.

<u>William M. McCool</u>
Clerk

<u>s/Karen Dews</u>
Deputy Clerk

MINUTE ORDER - 3