UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LORAN G. NORTHROP,

        Plaintiff,

  v.

SAFEWAY, INC.,

        Defendant.

C16-350 TSZ

MINUTE ORDER

    The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

    (1)    The parties' stipulated motion regarding evidence, docket no. 67, is GRANTED as follows:

        (a)    Pursuant to the parties' stipulation, for purposes of trial, all evidence or testimony concerning anyone employed by defendant, other than Brett Dow, calling plaintiff a "mental retard" or words to that effect is EXCLUDED.

        (b)    Pursuant to the parties' stipulation, defendant's affirmative defense based on after-acquired evidence, *see* Answer at p. 5, ¶ 14 (docket no. 6 at 5), is STRICKEN.

    (2)    Defendant's motion for reconsideration, docket no. 64, of the Minute Order entered April 24, 2017, docket no. 62, denying in part defendant's motion for summary judgment as to plaintiff's claim of retaliation, is DENIED. Defendant's contention that plaintiff's claim of retaliation is based on the same theory underlying his disability-based hostile work environment claim, which was dismissed with prejudice by Order entered April 28, 2017, docket no. 63, lacks merit. Indeed, consistent with the Court's ruling on the hostile work environment claim, plaintiff has stipulated not to offer evidence at trial

MINUTE ORDER - 1

concerning name calling and aspersions about his mental acuity uttered by co-workers other than Brett Dow.  Plaintiff asserts his retaliation claim under both the Americans with Disabilities Act ("ADA") and the Washington Law Against Discrimination ("WLAD").  To prevail on his retaliation claim, plaintiff must prove (i) he engaged in protected conduct; (ii) he was subjected to an adverse employment action at the time, or after, the protected conduct occurred; and (iii) either, for purposes of the ADA claim, the adverse employment action was taken because of plaintiff's protected conduct or, for purposes of the WLAD claim, plaintiff's protected conduct was a substantial factor in defendant's decision to take the adverse employment action.  *See* 9th Cir. Model Instr. No. 12.9; WPI 330.05.  Unlike in a disparate treatment case, an adverse employment action in the retaliation context need not materially affect the terms and conditions of employment.  *See* 9th Cir. Model Instr. No. 10.9.  With respect to retaliation claims, an adverse employment action is established if a reasonable employee would have been dissuaded by the action from making or supporting a charge of discrimination.  *See* 9th Cir. Model Instr. No. 10.10.  Plaintiff alleges that, after learning about the charge he filed with the Washington State Human Rights Commission, Brett Dow demanded that he "drop it," grabbed him by the arm, prevented him from leaving, and threatened to make things difficult for him.  *See* Northrop Decl. at ¶ 28 (docket no. 56).  The Court is satisfied that plaintiff has presented issues for trial concerning whether he was subjected to an adverse employment action as a result of protected conduct.  Defendant was simply not entitled to summary judgment as to plaintiff's claim of retaliation.  *See* Fed. R. Civ. P. 56(a).

(3)    The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 5th day of May, 2017.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk

MINUTE ORDER - 2